IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CHARLES E. BLAKE**                                                  **PETITIONER**

**V.**                                                            **NO. 4:20-CV-103-DMB-RP**

**COMMISSIONER BURL CAIN**                              **RESPONDENT**

## ORDER

Charles Blake seeks reconsideration of this Court's order dismissing with prejudice his petition for a writ of habeas corpus as untimely filed. For the reasons explained below, reconsideration will be denied.

## I
## Procedural History

On or about June 11, 2020, Charles Blake filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi regarding his state court conviction for sexual battery. Doc. #1. On September 17, 2020, Commissioner Burl Cain filed a motion to dismiss the petition as untimely filed. Doc. #10. After receiving an extension of time to respond,[1] Blake filed an opposition to the motion to dismiss on November 12, 2020, Doc. #13, and Cain replied one week later, Doc. #16.

On February 3, 2021, United States Magistrate Judge Roy Percy issued a Report and Recommendation ("R&R") recommending the motion to dismiss be granted and Blake's petition be dismissed with prejudice as untimely filed. Doc. #17. The R&R found that Blake's federal habeas petition must have been filed on or before February 27, 2020,[2] to be deemed timely and

---

[1] Doc. #12.

[2] "Because Blake did not seek certiorari review, his judgment became 'final' for purposes of the [Antiterrorism and Effective Death Penalty Act of 1996], and the federal limitations period began to run, on February 27, 2019, which is

because his petition was not filed until June 11, 2020, it was time-barred. *Id.* at 5. The R&R further found that Blake had failed to demonstrate the applicability of equitable tolling. *Id.*

On or about February 15, 2021, Blake moved for an enlargement of time to file objections to the R&R.[3] Doc. #19. Blake asserted, for the first and only time before entry of judgment, that he was unable to read or write and, consequently, relied on others to assist him in filing court documents. *Id.* at 2. The Court entered an order on March 1, 2021, providing Blake an additional twenty-one days from the date of the order to file objections. Doc. #20. No objections were filed by that deadline.

On March 25, 2021, Blake filed a second motion for an enlargement of time to file objections. Doc. #22. By order issued March 29, 2021, the Court allowed Blake fourteen days from the date of the order to file objections. Doc. #23. Again, Blake filed no objections within the extended time period granted.

On April 20, 2021, the Court adopted the R&R and dismissed Blake's petition with prejudice. Docs. # 25, #26. Approximately two weeks later, Blake filed untimely objections to the R&R and a motion for reconsideration of the April 20 order. Docs. #28, #29. Cain filed a response opposing the motion on May 20, 2021. Doc. #30. Blake did not reply.

## II
## Standard

A party may seek relief from a judgment or an order pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.

> The rule under which the motion is considered is based on when the motion was filed. If the motion was filed within twenty-eight days after the entry of [a]

---

ninety (90) days after the Mississippi Supreme Court denied Blake's motion for rehearing (November 29, 2018, plus 90 days)." Doc. #17 at 4.

[3] Blake's objections were originally due fourteen days from the date of the R&R. *See* Doc. #17 at 6.

>judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60.

*Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (internal citation omitted). Because Blake filed his motion within twenty-eight days after the entry of the judgment, his motion is properly considered under Rule 59(e).

"Rule 59(e) motions are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence." *Def. Distributed v. U.S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020) (quotation marks omitted). Relief under Rule 59(e) is also appropriate when there has been "an intervening change in the controlling law." *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 626, 629 (5th Cir. 2003). But such a motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *T.B. ex rel Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1051 (5th Cir. 2020). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Def. Distributed*, 947 F.3d at 873.

### III
### Analysis

Blake's motion for reconsideration is based entirely on his request that the Court consider his objections to the R&R. Doc. #29. He concedes his objections were untimely filed but contends such was due to his hospitalization and being separated from the person who helps him read and write. *Id.* Blake also asserts that the Court "has been indifferent to [his] intellectual disabilities and handicaps." *Id.* at 2. Cain responds that Blake has not established he is entitled to relief in accordance with Rule 59 standards and that even if his objections were considered, relief is not warranted. Doc. #30.

The Court first notes that, before entry of the judgment of dismissal, Blake mentioned his learning disability in only a single filing before this Court. *See* Doc. #19. However, he associated

3

with fellow inmates and was able to file a number of documents in this case, including those pertinent to his request for habeas relief. *See* Docs. #1, #2, #6, #11, #13, #19, #22. Moreover, the Court granted both of Blake's requests for additional time to file objections, as well as his request for more time to respond to the motion to dismiss. *See* Docs. #12, #20, #23. The Court, therefore, was certainly not "indifferent" to his learning difficulties once it was made aware of them.

Furthermore, the Court finds that Blake has failed to demonstrate his alleged hospitalization hindered his ability to timely file objections. In his objections, Blake avers he was hospitalized from March 10, 2021, until April 22, 2021. Doc. #28 at 3. But during that time, he was able to file a second motion for an enlargement of time and to sign and submit an acknowledgment of receipt of the order granting such motion. Docs. #22, #24. Thus, Blake's medical problems have not impeded his ability to communicate with the Court. He could have submitted his objections during that time or requested another extension if he felt it was necessary.

Because it is undisputed that Blake's objections were untimely filed (despite the Court granting Blake's two requested extensions to file objections) and because Blake's explanation for the late filing is unpersuasive, the Court will not consider Blake's untimely objections.[4]

In sum, Blake has failed to identify any manifest errors of law or fact which need to be corrected. Nor has he presented any newly discovered evidence calling the R&R's findings and

---

[4] Even if Blake's objections were considered, the Court would find them without merit. Blake asserts in conclusory fashion that his federal habeas claims are not time-barred, that he acted diligently, and that his tardiness in filing his federal habeas petition should be excused. Doc. #28. However, he fails to advance any substantive argument to support these bald assertions. And to the extent he contends that his unfamiliarity with the applicable legal authority should excuse his untimeliness, "mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling." *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).

Blake further asserts that the COVID-19 pandemic justifies his late filing and necessitates the application of equitable tolling. Doc. #28 at 2. The limitations period on Blake's federal habeas claims began to run on February 27, 2019, and expired on February 27, 2020. Because the deadline for filing his federal habeas petition began to run and expired *before* the pandemic substantially impacted this country, it does not serve to equitably toll the limitations period for his habeas claims. Thus, Blake has not shown that he pursued his rights diligently and has not identified any extraordinary circumstance that prevented him from filing his federal habeas petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010).

conclusions into question. Blake also points to no intervening change to the controlling law applicable in this case. Consequently, he has failed to demonstrate that the extraordinary relief of reconsideration is warranted.

## IV
## Conclusion

Blake's motion for reconsideration [29] is **DENIED**.

**SO ORDERED**, this 26th day of October, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

5